MELVIN, WOODROW M.,
Associate Judge.
Sandra Jean Pendarvis, individually and Donnie Jean Cook, a minor, by her said mother and natural guardian, were plaintiffs in the trial court, and have perfected this appeal from the final order of the Court dismissing with prejudice their complaint against defendants Harry A. Strayer and Liberty Mutual Insurance Company.
Plaintiffs sought damages in their action for injuries sustained by Donnie Jean Cook, age four years, while riding as a guest passenger in a motor vehicle owned by defendant Strayer and allegedly being operated with his knowledge and consent, by one Sharon Strayer Jamison.
Sandra Jean Pendarvis, in her individual claim, sought medical expenses incident to the injury of her infant child, and loss of services. It is alleged that at the time and place of the accident Donnie Jean was a passenger in the motor vehicle, when the same was involved in a collision due to the negligent operation thereof by Sharon Strayer Jamison, and that as a result of the collision the minor plaintiff sustained permanent injuries. It appears from the complaint the minor was riding in the automobile at the time in question for the purpose of going to a wedding rehearsal in order to serve as a flower girl at the wedding of Sharon Strayer Jamison.
The defendants’ motion to dismiss was based upon the proposition that the minor was a passenger in the defendant’s automobile ; that the complaint failed to allege any *458 fact that would preclude the operation of Section 320.59 Florida Statutes 1969, F.S.A. and therefore, plaintiffs may not recover against defendant Strayer and his insurance carrier upon mere showing of simple negligence.
The able trial Judge granted the Motion.
We reverse.
The critical point for determination is whether this infant of four years is a “guest or passenger” within the contemplation of the guest statute, 320.59, Florida Statutes, F.S.A.
The matter of becoming a guest, for the purpose of the guest statute, involves the judgment factor of accepting an invitation, Andrews v. Kirk, 106 So.2d 110 (Fla.App. 3rd Dist., 1958).
It may not in reason be contended that a child of the age of four years may exercise such judgment.
In Andrews v. Kirk, the Court held that the host-guest status is a voluntary one and may be altered by the failure of the host-operator to yield to the guest’s protests as to the hosts negligent operation of the automobile, or demands to be let out of the vehicle, and further, upon the relationship being thus altered, the passenger could recover for resultant injuries on proof of either gross or simple negligence.
It may not in reason be said that this minor child could exercise such judgment.
An infant may not commit a criminal act until he has attained sufficient age, has sufficient intelligence and perception to understand the nature of his act and to comprehend the legal consequences thereof. So it is that a child under the age of seven years is conclusively presumed to be incapable of committing a crime.
Between the ages of seven and fourteen a presumption of incapacity exists, and the presumption decreases with the progress of his years toward the fourteenth birthday. 9 Fla.Jur. Criminal Law, Section 33, page 42.
We cannot perceive that a child under the age of seven years may exercise the judgment factor involved in accepting an invitation to be a guest or that such child may exercise the judgment that would be involved in terminating that status, as could an adult.
In our view it was never the purpose of the Legislature of Florida by enactment of the guest statute to extend to an automobile operator immunity from the result of his simple negligence, when such result is injury to a child passenger of such tender age as the one whose rights this court is called upon to consider.
The status of infants, under the law, is a fact of general knowledge. The Legislature of Florida is composed of knowledgeable and intelligent citizens. We must therefore assume that the Legislature did not purpose to include in the restrictive framework of the guest statute minor children who are by reason of age not capable of exercising responsibility.
The final judgment appealed from is reversed.
CARROLL, DONALD K., Acting C. J., concurs.
RAWLS, J., dissents.