GROVER L. COVINGTON, Chief Judge.
This is an appeal by the defendant, State of Louisiana, through the Department of Public Safety and Corrections, from a judgment in favor of the plaintiff, Billy W. Goodwin, enjoining the defendant from suspending and seizing the motor vehicle operator’s license of Billy W. Goodwin under its Official Notice of Withdrawal of Driving Privileges, Number A041219, Arrest date, September 14, 1984, Traffic Ticket number 841227201, under La. R.S. 32: 667, thereby leaving Billy W. Goodwin under the requirements of Louisiana’s Compulsory Insurance Law, La. R.S. 32:861, as amended.
The matter came before the trial court on the following “Stipulation”:
NOW INTO COURT, for the purposes of this Stipulation, comes Billy W. Goodwin and the State of Louisiana, through the Department of Public Safety and Corrections, each appearing through their undersigned counsel, and do stipulate as follows:
1. The “Official Notice of Withdrawal of Driving Privileges” attached to the original petition herein is notice of and intended to be a suspension of driving privileges of the plaintiff, Billy W. Goodwin, under the authority of LSA-R.S. 32:667.
2. On the 14th day of September, 1984, the plaintiff, Billy W. Goodwin, was placed under arrest for a violation of Baton Rouge City Code Title 11 Section 140 as per ticket number 84127201, copy attached.
3. A copy of Baton Rouge City Code Title 11, Section 140, certified by the Clerk of Court, Baton Rouge City Court, is attached hereto and is the local ordinance under which the plaintiff, Billy W. Goodwin, was arrested and charged.
4. It is further stipulated that the plaintiff, Billy W. Goodwin, upon his arrest on the 14th day of September, 1984, did submit to an approved chemical test for intoxication, and that the results showed a blood alcohol level in excess of .10% by weight of alcohol in the blood system of plaintiff.
5. It is further stipulated that the suspension of the motor vehicle driver’s license of plaintiff, Billy W. Goodwin, would result in such irreparable injury, loss and damage to him by depriving him of his driving privileges which would render him unable to continue in his business and occupation.
6. The sole issue presented by the petition of Billy W. Goodwin in this matter is whether or not an arrest under Baton Rouge City Code Title 11, Section 140 is an appropriate basis for the State of Louisiana to institute and sustain a suspension of that person’s motor vehicle driver’s license under LSA-R.S. 32:667 considering subpar-agraph “A” thereof.
7. It is further stipulated that in the event that the Court should grant the injunction against the defendant, then in such an event, plaintiff, Billy W. Goodwin, would still be within the requirements of Louisiana’s Compulsory Insurance Law, LSA-R.S. 32:861, as amended by Acts 1984 or hereinafter amended.
8. It is further stipulated that each and every stipulation herein contained is entered into for the purposes of this suit alone and not as to any other suit, action or proceeding, civil, criminal or administrative.
As presented to the trial judge, the sole issue was whether an arrest under a city ordinance shall be considered an arrest for “a violation of R.S. 14:98,” so that it could serve as an appropriate basis for the State to suspend a violator’s motor vehicle operator’s license.
We agree with the trial judge that it is not an appropriate basis. The statute involved is a penalty statute since it imposes the penalty of suspension on a. violator. It states clearly that it is arrests for violations of a specific state statute which is to serve as the basis for seizure and suspension of the driver’s license.
We are buttressed in our position by our brethren of the Fifth Circuit in Zeringue v. State of Louisiana, Department of Public Safety, 467 So.2d 1358 (La.App. 5th Cir.1985) in which the same municipal ordinance was involved.
It is a basic interpretative rule that laws which impose penalties are to be strictly *199 construed. There is not the slightest intimation that the statute involved herein is applicable to violations of city ordinances. Such a statute, penal in nature, cannot be extended to apply to any statute or ordinance other than the one specifically designated, in the absence of the expression of legislative will that it is to have broader application[1].
For the reasons assigned, we affirm at appellant’s costs, which costs are fixed at $133.12.
AFFIRMED.

. In 1985, the Legislature of Louisiana passed, and the Governor signed, Acts 194 and 816. They amend LSA-R.S. 32:666 (A) and 667 (A), by now including arrests under parish and municipal ordinances for DWI. Seizure and suspension of driving privileges based upon a violation of a municipal ordinance after conviction already existed under LSA-R.S. 32:414. However, on the date of the defendant's arrest the law allowed for the action considered sub judl-ce only for violations of LSA-R.S. 14:98.