LEWIS S. DOHERTY, III, Judge Pro Tem.
The issue before the court in this appeal centers on whether the application of the doctrine of contemporaneous construction should be applied to La.R.S. 17:623.1 which pertains to conversion of accumulated sick leave to additional service for purposes of the Teachers’ Retirement System of Louisiana (Teachers’ Retirement).
Appellant, Glenn R. Swetman, filed a petition for declaratory judgment seeking clarification of the manner in which unused accumulated sick leave is converted into credit for retirement purposes. Appellant claims that the method used by defendant, Teachers’ Retirement, in converting his unused sick leave is contrary to the mandates of the statute and deprived him of credit for approximately 30 days to which he was entitled. It was stipulated between the parties that appellant had actually accumulated 290.44 days of unused sick leave, but pursuant to its conversion policy, Teacher’s Retirement only credited him with 260.33 days.
The matter was submitted to the lower court on briefs. The lower court, applying the doctrine of contemporaneous construction, found in favor of Teachers’ Retirement, holding that the method used by Teachers’ Retirement in converting unused sick leave upon retirement was proper. Appellant now appeals.
FACTS
In 1970, La.R.S. 17:623.1[1] was passed by the Louisiana legislature setting a method of converting unused sick leave for retirement purposes. In attempting to apply this provision, the Board of Trustees of Teachers’ Retirement felt that in its application, certain inequities occurred between the employees, depending on whether they worked nine (9), ten (10), eleven (11) or twelve (12) months per year.
Attempting to remedy the perceived inequity, the Board of Trustees adopted its own formula for converting unused sick leave which it applied for eighteen (18) years. In 1988, the legislature amended R.S. 17:623.-1, adopting the formula used by Teachers’ Retirement in converting unused sick leave credit into years of service. The statute, as amended, also provides for a means of computing the number of days of unused sick leave accumulated, which does not appear to conform with Teachers’ Retirement’s prior method of computation. In brief, appellee urges that by its 1988 amendment to article 623.1, “[t]he legislature affirmed the policy of the Board and also by so doing acknowledged the vagueness and ambiguity of Act 28 of 1970 [R.S. 17:623.1].” Teachers’ Retirement further argues that the doctrine of contemporaneous construction thus applies. We do not agree.
*151 The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Ouachita Parish School Board v. Ouachita Parish Supervisors Association, 362 So.2d 1138 (La.App. 2nd Cir.1978). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Traigle v. PPG Industries, Inc., 332 So.2d 777 (La.1976); Dunhill of Lafayette, Inc. v. Marion Corp., 390 So.2d 224 (La.App. 3rd Cir.1980); McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App. 2nd Cir.1980), writ denied, 396 So.2d 898 (La.1981).
After careful reading of the statute prior to the 1988 amendment, we do not find the article vague or ambiguous. Accordingly, the trial court erred in awarding judgment in favor of Teachers’ Retirement on the basis of the doctrine of contemporaneous construction. We reverse the ruling of the trial court. Considering the stipulations between the parties, we render judgment in favor of appellant, declaring he is entitled to the full 290.44 days of unused sick leave he accumulated prior to his retirement. All costs, in the amount of $399.97, are to be paid by appellee.
REVERSED AND RENDERED.

. La.R.S. 17:623.1:
"When a member retires or dies while still a member and before retirement leaving a surviving spouse or dependent or both who are entitled to benefits under this Chapter his unused accumulated sick leave which was earned while a member of this retirement system shall be added to his membership service the same as if he had continued in service as a teacher until after the date of termination of employment on the basis of:
9 months to 1 year.1 yr. service
6 to 9 months.3/4 yr. service
3 to 6 months.1/2 yr. service
25 days to 3 months.1/4 yr. service
The additional membership service set forth in this section shall not be included in the service on which average final compensation, as defined in R.S. 17:571(5), is determined. Added by Acts 1970, No. 28, § 1."