Dear General Patin:
You requested the opinion of this office as to whether line items in the Capital Outlay Act (the "Act") qualify as appropriations and whether the funds included in the Act can be shifted from one line item to another without legislative approval.
As you know, the Louisiana Constitution requires that monies only be withdrawn from the state treasury pursuant to an appropriation. La. Const. Art. III, Sec. 16 (A) and Art. VII, Sec. 10 (D). The line items in the Act are clearly appropriations, whether the means of financing provided in the Act is the general fund, the Transportation Trust Fund, federal receipts, general obligation or revenue bonds, or dedicated funds. The caption of the Capital Outlay Act (the current act being Act No. 45 of the 1994 Regular Session) states "APPROPRIATIONS — CAPITAL OUTLAY BUDGET AND CAPITAL OUTLAY PROGRAM". Section 1 of Act 44 provides in pertinent part as follows:
 "The following sums or so much thereof as may be necessary are hereby appropriated out of any monies in the state treasury from the sources specified, from federal funds and self-generated revenues . . .
 The amount set forth in this Section opposite each project, or so much thereof as may be necessary, is hereby appropriated and payable from the proceeds available from the sale of general obligation bonds, unless a different source of funding is indicated.
 Where such a different source of funding is indicated, the corresponding amount . . . is hereby appropriated . . .; provided, however, amounts appropriated and payable from federal funds . . ." (Emphasis supplied)
R.S. 39:2 (2) defines "appropriation" to mean "an authorization by the legislature to a budget unit for a program or subprogram to expend from public funds a sum of money, for purposes designated . . ." An appropriation is the setting apart of public moneys by legislative vote or enactment to be applied to specific objects of public expenditures. Fuselier v. State Market Commission, 259 La. 185, 249 So.2d 459 (1971), citing Trustees of Rutgers College v. Morgan, 71 N.J.L. 663, 60 A. 205
(1905). The term "specific appropriation made by law" means an appropriation made by an act of the Legislature, of a specified sum of money for a specified purpose. Carso v. Board of Liquidation of State Debt, 205 La. 368, 17 So.2d 358 (1944).
As to whether monies appropriated in the Act can be moved from one project to another, the Act provides in pertinent part as follows:
 "Section 6. . . . If it is determined by the agency, political subdivision, board, or director of the facility planning and control section of the division of administration, that the funds appropriated by this Act or any prior capital outlay act are not sufficient to complete the projects contained in any capital outlay budget act, through unavoidable deficiencies in appropriation, including administrative and legal requirements, the commissioner of administration, subject to approval of the Joint Legislative Committee on the Budget, may direct the use of interest earned from the investment of general obligation bond or note proceeds . . . for the purpose of completing the projects contained in a capital outlay budget act and such money shall be deemed appropriated in specific amounts necessary for such purposes . . . If it is determined by the director of the facility planning and control section of the division of administration that it is cost effective and practical to combine individual appropriations to a budget unit or facility in order to award a single professional and/or construction contract, the commissioner of administration, subject to the approval of the Joint Legislative Committee on the Budget, may direct that two or more appropriations or parts thereof may be combined into a single project for accounting and audit purposes . . .
 Section 8. The commissioner of administration, with the approval of the Joint Legislative Committee on the Budget, is authorized to supplement or substitute the appropriations specified in Section 1 hereof with any federal or other funds which are or may become available and such funds shall be deemed appropriated in specific amounts necessary for the purposes of this Act." (Emphasis supplied)
To the undersigned's knowledge, the provisions of the Act quoted above are the only methods by which monies appropriated for one project in the Act may be used for another project. In each instance, it is necessary for the commissioner of administration to act, after obtaining legislative approval through the Joint Legislative Committee on the Budget.
Attached to your request for the opinion of this office is an opinion from your legal section which also finds that the line items in the Act are appropriations, but concludes that the doctrine of "contemporaneous construction" may allow DOTD to continue moving the funding for projects in the Act from one line item to another.
Under the doctrine of contemporaneous construction, where a state agency has interpreted a statute over a period of time, the courts will not disturb that interpretation, regardless of their opinion regarding its worth, when to do so will cause injury. Thompson v. East Baton Rouge Parish School Board, 303 So.2d 855
(La.App. 1st Cir. 1974). However, the doctrine does not apply when a statute is unambiguous or the agency's construction is clearly wrong. Swetman v. Teacher's Retirement System of Louisiana, 578 So.2d 149 (La.App. 1st Cir. 1991) citing Traigle v. PPG Industries, Inc., 332 So.2d 777 (La. 1976); Dunhill of Lafayette, Inc. v. Marion Corp., 390 So.2d 224 (La.App. 3d Cir. 1980); McNamara v. U.O.P., Inc., 389 So.2d 741 (La.App. 2d Cir. 1980).
We do not find that the Capital Outlay Act is ambiguous, and therefore, find that the doctrine of contemporaneous construction does not apply so as to allow DOTD to transfer funding for projects within the Act from one line item to another without following the procedures set forth in the Act.
Trusting this adequately responds to your request, I remain
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Martha S. Hess Assistant Attorney General