Dear Mr. Caldwell:
You have requested the opinion of this office concerning whether the elected officials serving as aldermen for the City of West Monroe must be considered as employees for the purposes of mandatory membership in the Municipal Employees' Retirement System (the System). The City and the System are in dispute as to whether the aldermen are required to participate in the System. From the facts related in the correspondence provided this office the System has taken the position that the aldermen in question must be included in the System by virtue of the fact that they are elected officials and thus subject to a presumption of "employee" status.
LSA-R.S. 11:1732(13) defines an employee as a "person including an elected official, actively employed by a participating employer on a permanent, regularly scheduled basis of at least an average of thirty-five hours per week." Interpreting this definition, the System has chosen to include elected officials of all municipalities within the definition of employees. The System reasons that these elected officials are essentially monthly salaried employees who are on call to the public twenty-four hours a day. Therefore, these officials are mandatory members of the retirement system.
The System has a legal basis for this interpretation. LSA-R.S.11:1823 grants the System's Board of Trustees "full authority to determine all questions of coverage and qualifications as to participation in and receipt of benefits under the system." That statute later confers upon the Board the power to construe any of the system statutes, and then states that "any construction so adopted by the Board in good faith shall be binding on all parties and persons concerned."
In addition to the direct authority granted to the Board by LSA-R.S. 11:1823, the doctrine of contemporaneous construction supports the System's position. The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v. Teacher's Retirement System,578 So.2d 149 (La.App. 1st Cir. 1991). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable.Swetman, and citations therein.
The System has, since August 24, 1978, considered these elected officials "on call to the public twenty-four hours a day", which would place these officials within the statutory definition of employee under LSA-R.S. 11:1732(13). The authority of the System's Board to "determine all questions of coverage", along with the doctrine of contemporaneous construction which we find applicable, leads us to conclude that we must defer to the interpretation of the System on this issue.
For these reasons, it is the opinion of this office that the elected officials serving as aldermen for the City of West Monroe must participate in the Municipal Employees' Retirement System.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Mr. William Toadvin Administrative Director/General Counsel Municipal Employees' Retirement System of Louisiana
Mr. Douglas C. Caldwell City Attorney P.O. Box 1829 West Monroe, La 71294
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL