Dear Mr. Duncan:
You have recently requested the opinion of this office concerning the extra compensation for full-time commissioned deputy sheriffs which are paid by the state. The pertinent statute, LSA-R.S. 33:2218.8, provides the following:
 § 2218.8. Extra compensation for commissioned full-time deputy sheriffs of all parishes
A. In order to promote the public peace and safety in the parishes of the state, by providing better enforcement of law and particularly the enforcement of state laws by deputy sheriffs, every commissioned deputy sheriff employed on a full-time basis shall be paid by the state extra compensation out of monies appropriated therefor from the fund established by LSA-R.S.33:2218.3(B). For the purposes of this Section any deputy sheriff hired after March 31, 1986, primarily to perform purely clerical or nonenforcement duties, including but not limited to typists, office machine operators, switchboard operators, filing clerks, stenoclerks, stenographers, animal shelter personnel, school crossing guards, secretaries, cooks, mechanics, and maintenance personnel, whether or not a duly commissioned deputy sheriff or post-certified, shall not be deemed to be a commissioned deputy sheriff entitled to additional compensation out of state funds.
B. Out of the fund appropriated by the legislature for the payment of the *Page 2 
extra compensation provided by Subsection A of this Section there shall be distributed to the sheriff of each parish monthly to pay additional compensation for full-time commissioned deputy sheriffs and for those hired after March 31, 1986, who have completed and passed a council approved training program as provided in LSA-R.S. 40:2405 and who are paid a salary of not less than three hundred and fifty dollars per month an amount not to exceed the amounts provided as follows:
 (1) One hundred seventy-four dollars per month for each full-time commissioned deputy sheriff at the completion of one year of service.
 (2) Two hundred twenty-nine dollars per month for each full-time commissioned deputy sheriff at the completion of three years of service.
 (3) Two hundred sixty dollars per month for each full-time commissioned deputy sheriff at the completion of six years of service.
The statute quoted above indicates that deputy sheriffs hired primarily to perform purely clerical or nonenforcement duties should not receive state supplemental pay. The intent of the statute is to provide state supplemental pay for commissioned deputy sheriffs who are engaged in law enforcement duties, and to deny such pay to those who are engaged in purely clerical or nonenforcement duties.
As to the question of the correct date upon which a person's eligibility for benefits commences, we conclude that the statute is silent as to which date (i.e. date of hiring, or date deputy is delegated law enforcement responsibilities) is determinative. While the statute does not clearly provide a date as a line of demarcation, we note that it is the established policy of the Deputy Sheriff's Supplemental Compensation Board to include prior service in calculating the benefits. That policy was formally adopted by the Board as reflected in the minutes of the March 5, 1996 meeting of the Board:
 Mr. Hall stated that this issue needs to be addressed as policy of the Board because currently deputies are not receiving credit for work in an ineligible position. The Board needs to adopt a policy addressing this issue which will be effective now. Mr. Hodgkins made the motion that as far as determining the eligibility of steps, the time begins when a person is sworn in as a deputy sheriff. Mr. Hoffman seconded the motion. The policy was adopted by the Board. (Emphasis added).
We acknowledge the Deputy Sheriff's Supplemental Compensation Board is entitled to deference in the promulgation of policy interpreting said statutes. However, as the policy adopted by the Board has only been in effect since March 5, 1996, it is doubtful that a court would convey the Board's interpretation to the statutes. The doctrine of contemporaneous construction is inapplicable because it is involved only when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v. Teachers' Retirement System, *Page 3 578 So.2d 149 (La. 1st Cir. 1991). As previously noted, such a construction to the statute has only recently been adopted by the Board. Because we are unable to draw a definitive conclusion, we suggest legislative amendment be sought to cure the ambiguity of the statute.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI:KLK:ams