Dear Senator Hollis:
This office is in receipt of your request of recent date where you ask us to consider the meaning of LSA-R.S.37:1437.2(I). Specifically, you ask us to consider whether a correct interpretation of the statute allows the Louisiana Real Estate Commission to charge a qualifying broker a licensing fee where he serves as the qualifying broker for only one corporation.
The statute in question, LSA-R.S. 37:1437.2(I) provides:
 The corporation, limited liability company, or partnership shall not be liable for any fees under this Chapter; however, this shall not affect the liability for fees of its qualifying broker, associate brokers, or salespersons. A qualifying broker shall owe a separate fee for each license that he holds when he serves as the qualifying broker for more than one corporation, limited liability company, or partnership.
You object to the notice submitted from the Louisiana Real Estate Commission requiring, your constituent, a qualifying broker, to pay licensing fees, as he represents only one corporation.
It is our opinion that the interpretation given LSA-R.S.37:1437.2(I) by the Louisiana Real Estate Commission is the correct one. The statute in question provides that a corporation is not liable for fees. The section of the statute cited then provides that nothing in the section affects fees due by its qualifying brokers. A reasonable reading of this statute supports the conclusion that while the corporation is immune from fees, the license must still be paid by someone, namely, the qualifying broker.
Further, this office has maintained that when a statute is subject to differing interpretations, as is indicated from the present controversy, the doctrine of contemporaneous construction is applicable. Pursuant to that doctrine when an administrative agency has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the interpretation of the legislative enactment. However, when a provision of law is unambiguous, the doctrine of contemporaneous construction is inapplicable. Swetman v.Teacher's Retirement System, 578 So.2d 149 (La.App. 1st Cir. 1991).
We conclude that the Louisiana Real Estate Commission may continue to charge qualifying brokers for a licensing fee where the broker represents only one corporation.
If this office may be of any further assistance to you, do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK/ams
Date Received: Date Released: August 5, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL