Dear Mr. Daly:
As State Examiner of the Municipal Fire and Police Civil Service, you have asked this office to reconsider the conclusions of released opinions 93-728 and 93-354.
 ISSUE I
In released opinion 93-728, the author addressed what constitutes a "regularly paid fire department" for purposes of application of a system of classified fire civil service. LSA-Const. Art. X, Section 16 (1974) requires that such a system be created for all municipalities, parishes, and fire protection districts operating a "regularly paid fire department".
There is no jurisprudential or statutory authority defining a "regularly paid fire department." In 93-728, the author concluded that a volunteer fire organization with one paid employee is not sufficient for the establishment of fire civil service.
We reconsider our conclusion in opinion 93-728, having reexamined the holding in the case of Village of Varnado v.Varnado Fire Dept. 563 So.2d 946 (La.App. 1990). In Varnado,supra, the court did not address the issue of whether one regularly paid employee was sufficient to constitute a regularly paid fire department for purposes of eligibility to receive tax proceeds. Rather, the court concluded that there was no regularly paid fire department because there were no regularly paidemployees during the time period in question. The case does not stand for the proposition that one regularly paid employee is insufficient to establish a regularly paid fire department for purposes of receipt of tax proceeds, nor for purposes of application of fire civil service. Mr. James M. Bullers *Page 2 
Following this statement of the court, we do not find paying one full-time fire fighter to augment and coordinate the volunteer group constitutes operating "a regularly paid fire department." We believe the word "department" has to mean the operation as a whole, and two paid employees with fifty-two volunteers is not a regularly paid fire department.
We recognize that R.S. 33:2535 provides for the creation in the government of a municipality, parish, and in each fire protection district a classified civil service embracing the positions of employment of the fire services. R.S. 33:2541 states the classified service shall comprise every position to which the right of employee selection is vested in the government of the fire protection district, and R.S. 33:2533 defines "department service" as employment in the public service offered and performed by the fire department.
Reading the statutory provisions alone it would appear employment in any fire district would fall into civil service. However, we believe these statutory provisions have to be read in the light of the constitutional mandate for civil service for regularly paid fire departments. Herein we are dealing with employment by the Board of the South Bossier Volunteer Fire Department (Fire District 2), and not a regularly paid fire service. The constitutional provision is relative to civil service for regularly paid fire departments, and the wording of the constitution cannot be ignored. Therefore, we would conclude employment by the government of the fire protection district means, employment in regularly paid fire departments. To conclude to the contrary would mean a civil service system would have to be implemented for only one paid employee.
We find nothing that defines what a "regularly paid fire department" is, and recognize a question can arise as to how many paid employees would be required to remove a group from the category of a volunteer department to that of a regularly paid department so as to fall within the requirements of civil service. We do note in R.S. 40:1567 in regard to fees for fire reports, it provides the term volunteer fire department means a legally constituted fire department or fire protection district of fewer than four persons who are qualified for and receive state supplemental pay under R.S. 33:2001, et seq.
We do not believe it was the intent of the legislature in establishment of fire civil service as directed by the constitution that it extend to a volunteer fire organization with one paid employee. Mr. Paul K. Daly *Page 2 
The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v.Teachers' Retirement System, 578 So.2d 149 (La.App. 1st Cir. 1991). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Swetman, and citations therein.
This office is of the opinion that ambiguity is present because the definition of a "regularly paid fire department" is susceptible to varying interpretations. Further, the doctrine of contemporaneous construction is applicable as you advise your agency has for many years established "several boards which initially had only one or two full time employees". We therefore recall our conclusion in opinion 93-728, and defer to the interpretation of your agency concerning what may constitute a "regularly paid fire department", absent a juriprudential or statutory definition.
 ISSUE II
Regarding released opinion 93-354, this office affirms the conclusions stated therein. The author correctly concluded that a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system.
Use of the word "shall" in LSA-Const. Art. X, Section 16 (1974), cited above is mandatory concerning the establishment of a fare and police civil service system to a "fire protection district operating a regularly paid fire department". Further, opinion 93-354 as written is consistent with our reconsideration of 93-728, stated herein.
Please contact this office should you need further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
Assistant Attorney General
RPI/KLK/93-728(A)
STATE OF LOUISIANA One American Place DEPARTMENT OF JUSTICE 301 Main Street, Suite 600 CIVIL DIVISION P.O. Box 94005 BATON ROUGE TEL.:(504)342-7013 70804-9005 FAX.:(504)342-2090
 OPINION NUMBER 98-267 AUGUST 03, 1998
84 — Parishes LSA-R.S 33:2531; LSA-R.S. 33:2533; LSA-R.S. 33:2535; LSA-R.S.33:2536; LSA-R.S. 33:2541; LSA-R.S. 33:2451A(1-9)
A single full-time firefighter requires Plaquemine Parish to establish a separate firefighter civil service system.
Mr. Kevin Conner Council Attorney Plaquemines Parish Government P.O. Box 538 Belle Chasse, LA 70037