Dear Mr. Watts:
You advise this office that the Washington Parish Fire Protection District #7 (hereafter District 7) has hired five full time paid firemen. Arising out of this occurrence are the following two questions:
 1. Is a rural fire protection district with five full time paid firemen required to establish a civil service system for its employees pursuant to R.S. 33:2531, et seq.?
 2. Do the terms and conditions of employment mandated by R.S. 33:1991, et seq. apply to a rural fire protection district which employs five paid fireman?
We answer your first question in the affirmative. Article X Sec 16 of the Louisiana Constitution (1974) provides for the establishment of a classified fire and police civil service system which is applicable "to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid firedepartment." (Emphasis added).
The constitution mandates that a system of classified fire civil service be created for fire protection districts operating a "regularly paid fire department". This office has determined that one full time employee constitutes a regularly paid fire department. See attached Attorney General Opinions 93-728 (A); 95-37; and 98-267.
Further, R.S. 33:2531, et seq., which provides the fire civil service law for fire protection districts, contains no size requirement for the creation of a classified civil service system in a fire protection district. The only requirement is that the fire protection district operate a regularly paid fire department, as District #7 does, by virtue of its employ of five full time firemen. See Attorney General Opinion 93-354, copy attached.
Our response to our second question is also in the affirmative. LSA-R.S. 33:1991 states in pertinent part:
 A. The word "firemen," as used in this Sub-part includes all persons employed or engaged full time by
municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services, including operators of the fire-alarm system when such operators are members of the regularly constituted fire department. The word "firemen" does not include carpenters, storekeepers, machinists, clerks, building hazard and similar inspectors, physicians or other non-fire fighting employees detailed for such special duties, nor does the word "firemen," include employees of privately owned or operated fire fighting or fire prevention services. (Emphasis added).
Thus, the statutory provisions for minimum wages are applicable to "fire protection district paid firemen"; (see R.S. 33:1992); note also that those provisions pertaining to sick leave and annual vacation are applicable to firemen employed by a fire protection district (see R.S.33:1995 and R.S. 33:1996), and that R.S. 33:1999 is applicable as it pertains to work on holidays.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NUMBER 93-728 (A)
March 8, 1994
47-A-1 FIRE PROTECTION DISTRICTS 71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE LSA-Const. Art. X, Sec. 16
Reconsidering opinion 93-728, we conclude that fire civil service is applicable to a paid firefighter in a volunteer fire department.
Mr. Paul K. Daly State Examiner P.O. Box 44366 Baton Rouge, LA 70804-4366
Dear Mr. Daly:
As State Examiner of the Municipal Fire and Police Civil Service, you have asked this office to reconsider the conclusions of released opinions 93-728 and 93-354.
 ISSUE I
In released opinion 93-728, the author addressed what constitutes a "regularly paid fire department" for purposes of application of a system of classified fire civil service. LSA-Const. Art. X, Section 16 (1974) requires that such a system be created for all municipalities, parishes, and fire protection districts operating a "regularly paid fire department".
There is no jurisprudential or statutory authority defining a "regularly paid fire department." In 93-728, the author concluded that a volunteer fire organization with one paid employee is not sufficient for the establishment of fire civil service.
We reconsider our conclusion in opinion 93-728, having reexamined the holding in the case of Village of Varnado v.Varnado Fire Dept. 563 So.2d 946 (La.App. 1990). In Varnado,supra, the court did not address the issue of whether one regularly paid employee was sufficient to constitute a regularly paid fire department for purposes of eligibility to receive tax proceeds. Rather, the court concluded that there was no regularly paid fire department because there were no regularly paidemployees during the time period in question. The case does not stand for the proposition that one regularly paid employee is insufficient to establish a regularly paid fire department for purposes of receipt of tax proceeds, nor for purposes of application of fire civil service.
The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v.Teachers' Retirement System, 578 So.2d 149 (La.App. 1st Cir. 1991). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Swetman, and citations therein.
This office is of the opinion that ambiguity is present because the definition of a "regularly paid fire department" is susceptible to varying interpretations. Further, the doctrine of contemporaneous construction is applicable as you advise your agency has for many years established "several boards which initially had only one or two full time employees". We therefore recall our conclusion in opinion 93-728, and defer to the interpretation of your agency concerning what may constitute a "regularly paid fire department", absent a juriprudential or statutory definition.
 ISSUE II
Regarding released opinion 93-354, this office affirms the conclusions stated therein. The author correctly concluded that a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system.
Use of the word "shall" in LSA-Const. Art. X, Section 16 (1974), cited above is mandatory concerning the establishment of a fare and police civil service system to a "fire protection district operating a regularly paid fire department". Further, opinion 93-354 as written is consistent with our reconsideration of 93-728, stated herein.
Please contact this office should you need further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
Assistant Attorney General
RPI/KLK/93-728(A)
OPINION NO. 93-354
June 17, 1993
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
LSA-Const. Art. X, Section 16; LSA-R.S. 33:2531 et seq. R.S. 33:2535, R.S. 33:2536; West v. Allen, 382 So.2d 924 (La. 1980); LSA-Const. Art. 10, Sections 16-20; Repealing Atty. Gen. Opinion No. 86-27.
LSA-R.S. 33:2535 provides for a classified civil service system to be created in each municipal government, parish government, and in the government of each fire protection district. There is no size requirement for the creation of a classified civil service system in a parish and a fire protection district. It is irrelevant that the Caddo Parish Fire District No. 8 has a population of less than nine thousand. Therefore, the Caddo Parish Fire Protection District No. 8 is required to create a classified fire and police civil service system.
Mr. W. H. Applegate Secretary-Treasurer Board of Commissioners, Fire Protection District No. 8 111 W. Alabama Street Vivian, LA 71082