Dear Mr. Henson:
You advised that the Department of Labor ("DOL") has expressed interest in voluntarily moving several subaccounts of the Employment Security Administration Fund (the "Fund") to the state treasury. The subaccounts involved are the Penalty and Interest Account (R.S. 23:1513), the Workforce Development Training Account (R.S. 23:1514), the Louisiana Department of Labor Administration Account (R.S. 23:1513.2) and the Special Assessment Account (R.S. 23:1532.1), all of which have been statutorily created as part of the Fund.
Your questions are raised in light of La. Const. Art. VII, Sec. 9(A) which provides that "[a]ll money received by the state or by any state board, agency, or commission shall be deposited immediately upon receipt in the state treasury, except that received . . . (3) by the employment security administration or its successor. . ." (Emphasis added).
In reaching our determinations herein, we are guided by the following rules of statutory construction: Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. LSA-R.S. 1:3. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. LSA-C.C. Art. 12. In construing statutory language, it is the duty of the courts of this state to honor the meaning of a statute as revealed by its language, purpose and history. Zeringue v. State, Dept. of Public Safety, 467 So.2d 1358
(La.App. 5 Cir. 1985). When the language of a statute must be interpreted in an effort to carry out the obvious intent, the interpretation may be availed of to restrict but not to extend or enlarge the enactment. Stateex rel. Noe v. Knop, 190 So. 135 (La.App. 1939).
 1. May the DOL voluntarily put its money into the treasury?
The Constitution in Art. IV, Sec. 9 sets forth the duties of the Treasurer, which include being the head of the department of the treasury and being "responsible for the custody, investment, and disbursement of the public funds of the state, except as otherwise provided by this constitution."
The redactors of the 1974 Constitution structured Art. VII, Sec. 9 of the Constitution so that all monies received by the state, with very few exceptions, would first be used to pay bonded indebtedness of the State and also that there be central cash management. See Records of theLouisiana Constitutional Convention of 1973: Convention Transcripts, Volume IX, Pages 2888-2891. Accordingly, all moneys received by the state, or by any state board, agency or commission must be deposited immediately upon receipt into the state treasury, unless one of the six listed exceptions in Art. VII, Sec. 9(A) applies. After deposit in the state treasury, Art. VII, Sec. 9(B) provides that all state money is credited to a special fund designated as the Bond Security and Redemption Fund, except money received as the result of grants or donations or other forms of assistance when the terms and conditions thereof or of agreements pertaining thereto require otherwise. After an amount is allocated from the Bond Security and Redemption Fund for the payment of debt service, the money remaining in the fund is credited to the general fund, except as otherwise provided by law.
The Constitution does not require the deposit into the state treasury of money received by the Employment Security Administration Fund, nor does the Constitution prohibit the deposit of monies into the state treasury that are not constitutionally required to be deposited into the treasury. Accordingly, the Louisiana Constitution does not prohibit the DOL from voluntarily depositing money into the treasury which is not constitutionally required to be deposited into the state treasury.
As to whether there is a statutory prohibition to the deposit of the subaccounts into the state treasury, we call your attention to R.S. 23:1511
which creates in the state treasury the Employment Security Administration Fund. This statute provides that the treasurer will deposit, administer, and disburse monies in the Fund in the same manner and under the same conditions and requirements as is provided by law for other special funds. It is within this Fund that the Penalty and Interest Account, the Employment Security Administration Account, and the Workforce Development Training Account are located. Thus, the statutes contemplate the deposit of these subaccounts in the state treasury.
You specifically questioned whether the Special Assessment Account may be deposited into the state treasury in light of R.S. 23:1532.1(B)(2), which provides that the Special Assessment Account is "to be held by the administrator separate and apart from all other funds or accounts created by this Chapter" and further states: "[a]mounts credited to said special account shall only be applied pursuant to the provisions of this Section and Article VII, Section 9(A)(3) of the Louisiana Constitution of 1974 and neither the state nor any agency thereof nor the United State Treasury shall have any prior or future claim thereon." In light of this language, we believe that the legislature has specifically prohibited the Special Assessment Account from being deposited into the state treasury as to do so would be an application contrary to Article VII, Section 9(A)(3).
 2. Would the DOL money have to be separated from the general fund money, or could they be co-mingled for investment and just accounted for separately?
As you noted, R.S. 23:1511 pertaining to the Fund states that "monies in this fund shall not be commingled with other state funds, but they shall be maintained in a separate account on the books of the depository." Similar language is found in R.S. 23:1513 pertaining to the Penalty and Interest Account. You advised that the treasury has only one deposit account. Under the Treasurer's cash management procedure, all monies are deposited into the central depository bank account and invested from that account. The ISIS accounting system identifies the source of the monies in the central depository account and in the various investments. Your question is whether these funds can be commingled for investment purposes.
The Treasurer is constitutionally required to invest all money in his custody which is available for investment. La. Const. Art. VII, Sec. 13. The duties of the Treasurer include keeping a true, just and comprehensive account of all public money received and disbursed, in books to be kept for that purpose, in which he shall state from whom monies have been received, and on what account. R.S. 49:307(3). The legislature has declared that it is in the best interest of the state to maximize the return on investments made by the state Treasurer provided that he fosters the economy of the state by utilizing in-state financial institutions where reasonable. R.S. 49:327(A). The Treasurer is to exercise prudent judgment to generate a favorable return to the state and ensure that the monies will be available for use at such time as the monies are needed for state purposes.
Based upon our understanding that (i) cash is fungible; (ii) it is standard procedure for the treasury to commingle cash belonging to the general fund and the dedicated funds in order to invest the cash in the state's bank account; (iii) it is financially prudent for the Treasurer to commingle cash for investment purposes in order to maximize the return on investments; and (iv) there is no statutory prohibition barring same, it is the opinion of this office that DOL monies (except those in the Special Assessment Account which cannot be deposited in the state treasury) may be deposited into the central depository bank account and combined with other cash monies for investment purposes, provided that the DOL monies are accounted for separately.
Alternatively, the treasury could, after determining the most financially preferable and prudent option, invest the DOL money as a separate investment portfolio.
 3. What investments would be legal and appropriate for the DOL money?
The DOL monies (except those in the Special Assessment Account which cannot be deposited in the state treasury) may be invested in any investment which is permitted by law for the investment of state funds. A list, although not comprehensive, of permissible investments for funds on deposit in the state treasury is contained in R.S. 49:327(B).
 4. Would DOL money have to flow through the Bond Security and Redemption Fund if it is deposited into the treasury?
Because the Fund is not monies which are required to be deposited into the state treasury, it is our opinion that the monies in the Fund should not be credited to the Bond Security and Redemption Fund as they could not be used for the payment of debt service on full faith and credit obligations of the state.
 5. Once the DOL money is in the treasury, would an appropriation be necessary to remove it?
If the DOL money is not in the state treasury, no appropriation would be required to withdraw the monies from the Fund. Ops.Atty.Gen. 95-247, 00-248. Once the DOL money is in the treasury, those monies cannot be withdrawn from the state treasury without an appropriation. La. Const. Art. III, Sec. 16(A); Art. VII, Sec. 10(D).
You next ask whether the language in R.S. 23:1511 which states that "[a]ll monies which are deposited or paid into [the Employment Security Administration Fund] are appropriated and made available to the administrator . . .", may be considered an appropriation. We must answer this question in the negative. R S. 39:2(3) defines "appropriation" to mean "an authorization by the legislature to a budget unit for a program to expend from public funds a sum of money, for purposes designated . . ." An appropriation is the setting apart of public moneys by legislative vote or enactment to be applied to specific objects of public expenditures. Fuselier v. State Market Commission, 259 La. 185,249 So.2d 459 (1971), citing Trustees of Rutgers College v. Morgan, 71 N.J.L. 663, 60 A. 205 (1905). The term "specific appropriation made by law" means an appropriation made by an act of the Legislature, of a specified sum of money for a specified purpose. Carso v. Board ofLiquidation of State Debt, 205 La. 368, 17 So.2d 358 (1944). The legislature must designate the purpose and amount with sufficient particularity to properly identify the use to which the funds are to be put. Carso, supra. Ops.Atty.Gen. 02-0319, 94-408. It is well established that an appropriation bill may not incorporate substantive law. Henry v.Edwards, 346 So.2d 153 (La. 1977); Ops.Atty.Gen. 89-25, 89-230, 93-493, 93-594, 94-549. No appropriation shall be made for longer than one year. La. Const. Art. III, Sec. 16(A).
 6. Where should the treasury put DOL's money if DOL does decide to put the above-referenced three accounts into the treasury?
You indicated that the treasury would like to put the DOL money in a new escrow account. An escrow account is used to hold monies pending determination of their ownership or to hold monies which do not belong to the State. For example, taxes paid under protest are kept in an escrow account pending resolution of the issues. R.S. 47:1576. This office has held that the treasury only has an inchoate right to the funds until there has been a final determination as to whether the taxes are due. Likewise, a refund of candidates' qualifying fees are to be paid from the escrow account. R.S. 18:416. It appears that the escrow account is an appropriate place for the DOL accounts to be held; however, we defer to your office in such determination.
 7. If DOL deposits these funds in the Treasury, would interest earned remain in these accounts?
Generally, interest is only allocated to special funds if the legislation creating the special funds so provides; otherwise, interest is deposited into the State general fund. R.S. 49:327(B)(4). However, the interest earned on the investment of public funds belongs to the owners of the funds and not to the public official who handles or distributes the funds. Amiss v. State, 340 So.2d 1085 (La.App. 1st Cir. 1976). Accordingly, interest earned on the DOL money should be allocated to the DOL Accounts. Ops.Atty.Gen. 86-505, 86-505(A).
 8. If these funds are in the treasury, would the year-end fund balances remain in the accounts and be carried over into subsequent fiscal years?
R.S. 39:82 provides for the reversion of cash balances to the state general fund for which no bona fide liability exists on the last day of the fiscal year. However, the legislation creating the Employment Security Administration Fund provides that "any balances in this fund shall not lapse at any time, but shall be continuously available to the administrator . . ." R.S. 23:1511. It is the opinion of this office that R.S. 23:1511 is an exception to R.S. 39:82 and neither the Fund, nor its subaccounts, revert to the general fund at the end of the fiscal year. Op.Atty.Gen. 00-248.
This opinion presupposes that the deposit of the Fund into the treasury and its potential use for the payment of state general obligation debt service does not violate federal law; however, no opinion is given on such matter.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
cc: Department of Labor
DATE RELEASED: February 21, 2003