Dear Mr. Theriot:
You requested that this office reconsider our prior opinion, number 08-0055, regarding discretion of the Legislative Auditor in releasing material exempted from the Public Records Act by La.R.S. 44:4(6). Based on the information you provided, we write to restate our opinion on whether the Legislative Auditor may release information exempted from the Public Records Act.
La.R.S. 44:4(6), as it currently reads, provides, in pertinent part:
This Chapter shall not apply:
 To any records, writings, accounts, letters, letter books, photographs, or copies or memoranda thereof in the custody or control of the legislative auditor, or to the actual working papers of the internal auditor of a municipality until the audit is complete, unless otherwise provided.
Your letter addresses the legislative history of La.R.S. 44:4(6). Prior to an amendment in 1991, the exemption provided that the Public Records Act shall not apply:
 . . . to any records, writings, accounts, letters, letterbooks, photographs or copies, or memoranda thereof in the custody or control of the supervisor of public funds, unless otherwise provided by law.
Act 167, SB 665 of the 1991 Regular Session, added the phrase ". . . or to the actual working papers of the internal auditor of a municipality until the audit is complete . . ."
Because of the particular language of the amendment, this would suggest that the addition which addresses the length of time of the exception, until the audit is complete, should not apply to the Legislative Auditor. To the extent that 08-0055 opines *Page 2 
differently, this office recalls that opinion. It is more accurate to state that the working papers of the Legislative Auditor are exempt from the Public Records Act, even after the audit is complete. This result means that these records would never be subject to a public records request. Once the audit reports are released pursuant to La.R.S.24:513(G), they become public records in accordance with La.R.S. 44:6.
According to the Legislative Auditor, it has been their policy that unless a subpoena has been issued, or a confidentiality agreement has been entered into, they refuse access to records exempted from the Public Records Act. Considering the position of the Legislative Auditor, out of an abundance of caution, it is advisable that the Louisiana Legislative Auditor continue this policy. See the doctrine of contemporaneous construction, providing that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight. Swetman vs. Teachers'Retirement System, 578 So.2d 149 (La.App. 1st Cir. 1991).
It should be noted that in addition to any obligations under La.R.S.44:4(6), the Legislative Auditor has an obligation to keep confidential any material covered by La.R.S. 24:513(1), which provides,
 The authority granted to the legislative auditor in this Section to examine, audit, inspect or copy shall extend to all books, accounts, papers, documents, records, files, instruments, films, tapes, and any other forms of recordation, including but not limited to computers and recording devices, whether confidential or otherwise. However, the legislative auditor shall comply with any and all restrictions imposed by law on documents, data, or information deemed confidential by law and furnished to the legislative auditor. [Emphasis added.]
We hope that this opinion has adequately addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 Emalie A. Boyce
 Assistant Attorney General
 JDC: EAB