Dear Mr. Pittard:
On behalf of the South Bossier Volunteer Fire Department (Fire District Two) you ask the following question:
 Does the hiring of three (or more) paid firemen who are full-time personnel, a paid part-time secretary/firefighter, a paid part-time treasurer, and two or more paid part-time firefighters constitute a "regularly paid fire department" which would require us to become Civil Service?
In other words, you ask if Civil Service Laws are applicable to this volunteer fire department with regularly paid employees. Our response to your question is "yes".
Article X, Section 16 of the Louisiana Constitution of 1974 provides as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.
By constitutional mandate, a "regularly paid fire department" must be placed in the civil service system as required by LA-Const. Art X § 16 (1974). The opinions of this office, following the interpretation of the State Examiner for Municipal Fire and Police Civil Service reflect that one fill-time firefighter meets the requirement of a "regularly paid fire department" and therefore requires a civil service system. See Attorney General Opinions 01-379, 99-41, 94-441, 94-122, and 93-728(A), copies attached.
Thus, a singe full-time paid firefighter must be placed in the civil service system.
You also reference the hiring of part-time personnel. A part-time paid firefighter should be placed in the civil service system where (1) his appointment is permanent pursuant to R.S.33:2531[1] and (2) he has as a primary duty one of the duties listed in R.S. 33:2541(A)(1-9), as provided:
 § 2541. Classified and unclassified service
 A The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the government of the municipality, parish or fire protection district as the case may be, under which the fire or police service functions, or in an officer or employee thereof, and which has as its primary duty and responsibility one of the following:
 (Fire)
 1. The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon and company officers of the fire and police department.
 2. Fire fighting and police.
 3. Fire prevention; inspection.
 4. Driving, tillering and operation of fire apparatus.
 5. Operation and maintenance of radio, fire alarm or signal system.
 6. Fire and police department instructors in employee training.
 7. Fire salvage and overhauling services, and first aid.
 8. Automotive or fire and police apparatus repairs, if such service is operated exclusively by and for the fire and police department.
 9. Secretary to the chief and departmental records clerk.
Note that if a firefighter does not have one of the above listed duties as a primary duty, then he should be placed in the unclassified service. Moreover, employees (whether part-time or full-time) which fall within the following quoted provisions of R.S. 33:2541(B) are considered unclassified:
B. The unclassified service shall comprise the following:
 (1) All officers, employees and positions of employment in the municipal, parish or fire protection district government not having as a principal duty one of the duties hereinabove provided in the classified service.
 (2) Officers elected by popular vote and persons appointed to fill vacancies to elective offices.
 (3) Secretaries, stenographers and all clerical positions not specifically included in the classified service.
 (4) Janitors, porters, elevator operators, chefs, kitchen helpers and workers, mechanic's helpers, car washers, unskilled labor or any part-time or temporary employee.
 (5) Any position of employment, the duties of which are included in the classified service, to which the right of employee selection, appointment, supervision and discharge is vested in and with those other than the municipal, parish or fire protection district government or an officer or employee thereof.
In accord is Attorney General Opinion 98-267, copy attached.
Finally, since you reference Attorney General Opinion 93-728, please note that opinion was recalled by Opinion 93-728(A).
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
OPINION NUMBER 98-267 Mr. Kevin Conner Attorney General of Louisiana — Opinion. August 03, 1998.
84 — Parishes
LSA-R.S. 33:2531
LSA-R.S. 33:2533
LSA-R.S. 33:2535
LSA-R.S. 33:2536
LSA-R.S. 33:2541
LSA-R.S. 33:2451A(1-9)
A single full-time firefighter requires Plaquemine Parish to establish a separate firefighter civil service system.
Mr. Kevin Conner Council Attorney Plaquemines Parish Government P.O. Box 538 Belle Chasse, LA 70037
Dear Mr. Conner:
This office is in receipt of your recent opinion request in regard to firefighters and civil service. Specifically, you ask the following three questions:
 1. Does a single full-time firefighter have to be placed in the Civil Service System?
 2. Does a part-time paid firefighter have to be placed in the Civil Service System?
 3. Assuming that either question one or two is answered in the affirmative, can the Plaquemines Parish Government utilize its own Civil Service System and place the firefighter in a separate category underneath that system, or must an entirely new civil service system dedicated to firemen be established?
As you recognize, this office has previously rendered opinions regarding this matter. Most recently, Atty. Gen. Op. No. 95-37, which cited Atty. Gen. Op. Nos. 94-441, 93-728, and 93-728(A), concluded that a "regularly paid fire department" must be placed in the civil service system as required by Art. X, Sec. 16 of the Louisiana Constitution of 1974. These previous opinions, following the interpretation of the State Examiner, say that one full-time firefighter meets the requirement of a "regularly paid fire department" and therefore requires a civil service system.
In reviewing LSA-R.S. 33:2533, which defines terms used when referring to the fire and police civil service law, we find that there is no definition for part-time paid firefighters. LSA-R.S.33:2531 mandates that any permanent appointment for a paid firefighter shall occur only after certification pursuant to the general system. This statute does not make a distinction between full-time and part-time firefighters. It simply refers to any permanent appointment. Therefore, it is our opinion that under this statute, a part-time paid firefighter should be placed in a civil service system as long as his appointment is permanent and he meets the test set out in LSA-R.S. 33:2541. This statute must be considered when determining whether an employee is classified or unclassified. In order to be classified, the employee must have as a primary duty one of the duties listed in LSA-R.S. 33:2541A(1-9). Therefore, if a part-time firefighter does not have one of the listed duties as his or her primary duty, then he or she should be unclassified.
In regard to your third question, LSA-R.S. 33:2535 and 33:2536
mandate the creation of "The Fire and Police Civil Service" and the fire and police civil service board, respectively. LSA-R.S.33:2535 creates a classified civil service system in each parish government. LSA-R.S. 33:2536 sets out the requirements for creating a fire and police service board. It is our opinion that Plaquemines Parish must create a civil service system for firefighters separate and apart from the government civil service system if it is operating a regularly paid fire department. This is consistent with Atty. Gen. Op. Nos. 93-728(A) and 93-354.
In conclusion, it is the opinion of this office that (1) a single full-time firefighter must be placed in the civil service system; (2) a part-time paid firefighter should not be placed in a civil service system if he or she does not meet the "primary duty" test; and (3) Plaquemines Parish must create a separate civil service system for firefighters as long as it is operating a regularly paid fire department.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
OPINION NUMBER 93-728(A) Mr. Paul K. Daly Attorney General of Louisiana — Opinion. March 8, 1994.
47-A-1 FIRE PROTECTION DISTRICTS
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
LSA-Const. Art. X, See 16
Reconsidering opinion 93-728, we conclude that fire civil service is applicable to a paid firefighter in a volunteer fire department.
Mr. Paul K. Daly State Examiner P.O. Box 44366 Baton Rouge, LA 70804-4366
Dear Mr. Daly:
As State Examiner of the Municipal Fire and Police Civil Service, you have asked this office to reconsider the conclusions of released opinions 93-728 and 93-354.
 ISSUE I
In released opinion 93-728, the author addressed what constitutes a "regularly paid fire department" for purposes of application of a system of classified fire civil service. LSA-Const. Art. X, Section 16 (1974) requires that such a system be created for all municipalities, parishes, and fire protection districts operating a "regularly paid fire department".
There is no jurisprudential or statutory authority defining a "regularly paid fire department". In 93-728, the author concluded that a volunteer fire organization with one paid employee is not sufficient for the establishment of fire civil service.
We reconsider our conclusion in opinion 93-728, having reexamined the holding in the case of Village of Varnado v.Varnado Fire Dept., 563 So.2d 946 (La.App. 1990). In Varnado,supra, the court did not address the issue of whether one regularly paid employee was sufficient to constitute a regularly paid fire department for purposes of eligibility to receive tax proceeds. Rather, the court concluded that there was no regularly paid fire department because there were no regularly paidemployees during the time period in question. The case does not stand for the proposition that one regularly paid employee is insufficient to establish a regularly paid fire department for purposes of receipt of tax proceeds, nor for purposes of application of fire civil service.
The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v. Teachers' RetirementSystem, 578 So.2d 149 (La.App. 1st Cir. 1991). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Swetman, and citations therein.
This office is of the opinion that ambiguity is present because the definition of a "regularly paid fire department" is susceptible to varying interpretations. Further, the doctrine of contemporaneous construction is applicable as you advise your agency has for many years established "several boards which initially had only one or two full time employees". We therefore recall our conclusion in opinion 93-728, and defer to the interpretation of your agency concerning what may constitute a "regularly paid fire department", absent a juriprudential or statutory definition.
 ISSUE II
Regarding released opinion 93-354, this office affirms the conclusions stated therein. The author correctly concluded that a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system.
Use of the word "shall" in LSA-Const. Art. X, Section 16 (1974), cited above is mandatory concerning the establishment of a fire and police civil service system to a "fire protection district operating a regularly paid fire department". Further, opinion 93-354 as written is consistent with our reconsideration of 93-728, stated herein.
Please contact this office should you need further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
OPINION NUMBER 94-122 J. Wayne Landry, Esq. Attorney General of Louisiana — Opinion. April 12, 1994.
Civil Service requirements are applicable to any paid firefighter in a volunteer fire department as constituting a regular paid fire department.
47-A-1 Fire Protection District
71-1-1 Municipal Fire Police Civil Service
R.S.40:1567
J. Wayne Landry, Esq. Assistant District Attorney Sixteenth Judicial District Courthouse Bldg., Suite 200 New Iberia, LA 70560-4583
Dear Mr. Landry:
This office is in receipt of your request for an opinion of the Attorney General in regard to the applicability of civil service to the Iberia Parish Fire Protection District No. 1. You indicate the Fire Protection District currently employs four full-time employees, being a coordinator and three full-time firefighters. The Fire Department is additionally staffed by a large number of volunteer firefighters.
Your questions are as follows:
 1. Do civil service requirements apply to the paid fireman and coordinator for the Iberia Parish Fire Protection District No. 1 and is it necessary that the Parish establish a civil service board to oversee these employees; and
 2. What constitutes a "regularly paid fire department" as stipulated in the law which creates and establishes classified fire and police civil service.
Article X, Section 16, La. Const. 1974, provides as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department. (Emphasis added.)
The requirement for civil service for firefighters applies to a "regularly paid fire department", and in your second question you ask what constitutes a regularly paid fire department.
In Atty. Gen. Op. No. 93-728(A) this office observed there is no jurisprudential or statutory authority defining a "regularly paid fire department", and found an ambiguity exists since the term is susceptible to varying interpretations. Therefore, it was concluded the doctrine of contemporaneous construction was applicable which provides when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in determining the meaning of the legislative enactment.
You indicate that the administration for civil service for firemen and policemen has interpreted the provision relative to what constitutes a regular paid fire department to mean that any person in classified service who is compensated for his services constitutes a paid fire department, and this is the interpretation we must accept.
You recognize the answer to your first question would hinge upon whether or not the Iberia Parish Fire Protection District No. 1 operates a regularly paid fire department. Based upon an interpretation that any paid full-time firefighters constitutes a regularly paid fire department, it follows by the use of the word "shall" in Art. X, Sec. 16. La. Const., that it is mandatory there be the establishment of a fire and police civil service system by the employment of these four full-time firefighters.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
OPINION NUMBER 94-441 Ms. Diane B. Phillips Attorney General of Louisiana — Opinion. October 3, 1994.
The Board of the Fire Protection District having a regularly paid fire department is to establish the Civil Service for the full-time firefighters.
R.S. 33:2543
Art. X, Sec. 16, La. Const.
47-A-1 — Fire Protection Distr.
Ms. Diane B. Phillips Clerk of Council Iberia Parish Council Courthouse Bldg., Suite 410 300 Iberia Street New Iberia, LA 70560-4543
Dear Ms. Phillips:
This office is in receipt of your request for an opinion of the Attorney General in regard to establishment of a civil service system for the employees of Fire Protection District No. 1. You indicate the Iberia Parish Fire Protection District No. 1 Board is currently in the process of proceeding with the establishment of a civil service system and board for its employees, and the Iberia Parish Council has adopted a resolution in opposition to the creation of this system. Since there is a jurisdictional question, you ask whether the Iberia Parish Council or the Fire Protection District No. 1 has the authority to establish a civil service system for the employees of said fire district.
In Atty. Gen. Opinion No. 93-728(A) this office reconsidered Atty. Gen. Op. No. 93-728 and concluded by the use of the word "shall" in Art. X, Sec. 16 of the Constitution of 1974, a fire and police civil service system is mandatory for a "fire protection district operating a regularly paid fire department". It was further observed for the definition of a "regularly paid fire department" the conclusion of 93-728 was recalled which did not find paying one full-time fire fighter to augment and coordinate volunteers constituted operating "a regularly paid fire department". Instead, under the doctrine of contemporaneous construction, this office deferred to the interpretation of the State Examiner as to the requirement for civil service for a regularly paid fire department to include where there is only one or two full time employees. Atty. Gen. Op. No. 93-354 was affirmed that held "a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system."
Subsequently, this office rendered Atty. Gen. Op. No. 94-122 in regard to the Iberia Parish Fire Protection District No. 1 and again stated the requirement for civil service for firefighters applies to a "regularly paid fire department", and concluded as follows:
 Based upon an interpretation that any paid full-time firefighters constitutes a regularly paid fire department, it follows by the use of the word "shall" in Art. X, Sec. 16 La. Const., that it is mandatory there be the establishment of a fire and police civil service system by the employment of these four full-time firefighters.
R.S. 33:2543 provides that "each board shall adopt a classification plan for the fire and police service under itsjurisdiction." In accordance with the Sec. 21-2 of the Iberia Parish Code, the Fire Protection District No. 1 of Parish of Iberia was created and it "shall have all rights, powers and privileges granted by and conferred by the constitution and statutes of the State of Louisiana", and under Sec. 21-5 the Board of Commissioners is given the power to perform any function necessary for the management of its affairs with the control and management vested in a board of five members.
We must conclude the Board of a Fire Protection District having a "regularly paid fire department" is to establish Civil Service for the full-time paid firefighters.
We hope this sufficiently answers your questions, but if we can be if further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
OPINION 93-728(A) Mr. Paul K. Daly Attorney General of Louisiana — Opinion. March 8, 1994.
47-A-1 FIRE PROTECTION DISTRICTS
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE LSA-Const. Art. X, Sec 16
Reconsidering opinion 93-728, we conclude that fire civil service is applicable to a paid firefighter in a volunteer fire department.
Mr. Paul K. Daly State Examiner P.O. Box 44366 Baton Rouge, LA 70804-4366
Dear Mr. Daly:
As State Examiner of the Municipal Fire and Police Civil Service, you have asked this office to reconsider the conclusions of released opinions 93-728 and 93-354.
 ISSUE I
In released opinion 93-728, the author addressed what constitutes a "regularly paid fire department" for purposes of application of a system of classified fire civil service. LSA-Const. Art. X, Section 16 (1974) requires that such a system be created for all municipalities, parishes, and fire protection districts operating a "regularly paid fire department".
There is no jurisprudential or statutory authority defining a "regularly paid fire department". In 93-728, the author concluded that a volunteer fire organization with one paid employee is not sufficient for the establishment of fire civil service.
We reconsider our conclusion in opinion 93-728, having reexamined the holding in the case of Village of Varnado v.Varnado Fire Dept., 563 So.2d 946 (La.App. 1990). In Varnado,supra, the court did not address the issue of whether one regularly paid employee was sufficient to constitute a regularly paid fire department for purposes of eligibility to receive tax proceeds. Rather, the court concluded that there was no regularly paid fire department because there were no regularly paidemployees during the time period in question. The case does not stand for the proposition that one regularly paid employee is insufficient to establish a regularly paid fire department for purposes of receipt of tax proceeds, nor for purposes of application of fire civil service.
The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v. Teachers' RetirementSystem, 578 So.2d 149 (La.App. 1st Cir. 1991). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Swetman, and citations therein.
This office is of the opinion that ambiguity is present because the definition of a "regularly paid fire department" is susceptible to varying interpretations. Further, the doctrine of contemporaneous construction is applicable as you advise your agency has for many years established "several boards which initially had only one or two full time employees". We therefore recall our conclusion in opinion 93-728, and defer to the interpretation of your agency concerning what may constitute a "regularly paid fire department", absent a juriprudential or statutory definition.
 ISSUE II
Regarding released opinion 93-354, this office affirms the conclusions stated therein. The author correctly concluded that a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system.
Use of the word "shall" in LSA-Const. Art. X, Section 16 (1974), cited above is mandatory concerning the establishment of a fire and police civil service system to a "fire protection district operating a regularly paid fire department". Further, opinion 93-354 as written is consistent with our reconsideration of 93-728, stated herein.
Please contact this office should you need further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK Assistant Attorney General
OPINION NUMBER 93-728 Mr. James M. Bullers Attorney General of Louisiana — Opinion. September 27, 1993.
Civil service is not applicable to a paid firefighter in a volunteer fire department.
47-A-1 Fire Protection Districts
71-1-1 Municipal Fire Police civil Service
Art. X, Sec. 16
Mr. James M. Bullers District Attorney Twenty-Sixth Judicial District Bossier Parish Courthouse P.O. Box 69 Benton, LA 71006
Dear Mr. Bullers:
This office is in receipt of your request for an opinion of the Attorney General in regard to the South Bossier Volunteer Fire Department. You indicate at this time there are fifty-two volunteers on the Fire Department rolls, and the Board is considering hiring one full-time and possibly one part-time fire fighter/EMT to augment and coordinate the volunteer group. You ask if regularly paid employees are hired, would they fall under Civil Service laws.
Article X, Section 16 of the Louisiana Constitution of 1974 provides as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department. (Emphasis added.)
In Village of Varnado v. Varnado Fire Dept., 563 So. 2d 946
(La.App. 1990), the court was presented with the question whether payment of the tax levied on foreign fire insurers should go to the volunteer fire department or the Village. While the court did not discuss what constitutes a "regularly paid fire department", in reciting the facts of the case the court noted that in 1975 the Varnado Volunteer Fire Department was legally incorporated and in it was not until 1986 that the Volunteer Fire Department first paid an employee regularly. In holding that the funds must go to the Volunteer Fire Department, the court also stated the Village never has had a regularly paid fire department.
Following this statement of the court, we do not find paying one full-time fire fighter to augment and coordinate the volunteer group constitutes operating "a regularly paid fire department". We believe the word "department" has to mean the operation as a whole, and two paid employees with fifty-two volunteers is not a regularly paid fire department.
We recognize that R.S. 33:2535 provides for the creation in the government of a municipality, parish, and in each fire protection district a classified civil service embracing the positions of employment of the fire services. R.S. 33:2541 states the classified service shall comprise every position to which the right of employee selection is vested in the government of the fire protection district, and R.S. 33:2533 defines "department service" as employment in the public service offered and performed by the fire department.
Reading the statutory provisions alone it would appear employment in any fire district would fall into civil service. However, we believe these statutory provisions have to be read in the light of the constitutional mandate for civil service for regularly paid fire departments. Herein we are dealing with employment by the Board of the South Bossier Volunteer Fire Department (Fire District 2), and not a regularly paid fire service. The constitutional provision is relative to civil service for regularly paid fire departments, and the wording of the constitution cannot be ignored. Therefore, we would conclude employment by the government of the fire protection district means, employment in regularly paid fire departments. To conclude to the contrary would mean a civil service system would have to be implemented for only one paid employee.
We find nothing that defines what a "regularly paid fire department" is, and recognize a question can arise as to how many paid employees would be required to remove a group from the category of a volunteer department to that of a regularly paid department so as to fall within the requirements of civil service. We do note in R.S. 40:1567 in regard to fees for fire reports, it provides the term volunteer fire department means a legally constituted fire department or fire protection district of fewer than four persons who are qualified for and receive state supplemental pay under R.S. 33:2001, et seq.
We do not believe it was the intent of the legislature in establishment of fire civil service as directed by the constitution that it extend to a volunteer fire organization with one paid employee.
We hope this sufficiently answers your questions, but if we can be of further assisance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:_____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
OPINION NUMBER 93-354 Mr. W.H. Applegate Attorney General of Louisiana — Opinion. June 17, 1993.
Mr. W.H. Applegate Secretary-Treasurer Board of Commissioners, Fire Protection District No. 8 111 W. Alabama Street Vivian, LA 71082
Dear Mr. Applegate:
We are in receipt of your request for an Attorney General's Opinion regarding the Caddo Parish Fire Protection District No. 8. In your letter you state that the district can only afford to hire two employees, a fire chief and a dispatch firefighter. You also state that the Caddo Parish Fire Protection District No. 8 has a population of less than nine thousand (9,000). Specifically, you have asked whether the Caddo Parish Fire Protection District No. 8 is required to form a Fire and Police Civil Service system, as provided by Article X of the Louisiana Constitution of 1974?
LSA-Const. Art. X, Section 16 provides for the establishment of a classified fire and police civil service system which is applicable "to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fireprotection districts operating a regularly paid firedepartment." (Emphasis added.) LSA-R.S. 33:2531 et seq. provides for the fire and police civil service law for small municipalities and for parishes and fire protection districts. LSA-R.S. 33:2531 specifically states, in pertinent part:
 § 2531. Mandatory civil service in certain municipalities, parishes, and districts
 Permanent appointments and promotions for paid firemen and policemen in the classified civil service as enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand, . . . and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under certification. (Emphasis added.)
Section 2535 provides for a classified civil service system to be created in each municipal government, parish government, and
in the government of each fire protection district. Likewise, a fire and police civil service board is created for each governing body in Section 2536 of Title 33 of the Louisiana Revised Statutes. The Louisiana Supreme Court in West v. Allen,382 So.2d 924 (La. 1980), found that the Constitution (Art. 10, §§ 16-20) clearly establishes a system of classified fire and police civil service in all towns of a certain size and in all parishes and fire protection districts operating a regularly paid fire department. There is no size requirement for the creation of a classified civil service system in a parish and fire protection district, therefore, it is irrelevant that the Caddo Parish Fire Protection District No. 8 has a population of less than nine thousand. The only requirement by law is that the parish and fire protection districts operate a regularly paid fire department. Therefore, it is our opinion that the Caddo Parish Fire Protection District No. 8 is required to create a classified fire and police civil service system. By this opinion, we hereby repeal Atty. Gen. Opinion No. 86-27, which is in conflict with this opinion.
If we can be of further assistance in this matter, please advise.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
OPINION NUMBER 94-122 J. Wayne Landry, Esq. Attorney General of Louisiana — Opinion. April 12, 1994.
Civil Service requirements are applicable to any paid firefighter in a volunteer fire department as constituting a regular paid fire department.
47-A-1 Fire Protection District
71-1-1 Municipal Fire Police Civil Serevice
R.S.40:1567
J. Wayne Landry, Esq. Assistant District Attorney Sixteenth Judicial District Courthouse Bldg., Suite 200 New Iberia, LA 70560-4583
Dear Mr. Landry:
This office is in receipt of your request for an opinion of the Attorney General in regard to the applicability of civil service to the Iberia Parish Fire Protection District No. 1. You indicate the Fire Protection District currently employs four full-time employees, being a coordinator and three full-time firefighters. The Fire Department is additionally staffed by a large number of volunteer firefighters.
Your questions are as follows:
 1. Do civil service requirements apply to the paid fireman and coordinator for the Iberia Parish Fire Protection District No. 1 and is it necessary that the Parish establish a civil service board to oversee these employees; and
 2. What constitutes a "regularly paid fire department" as stipulated in the law which creates and establishes classified fire and police civil service.
Article X, Section 16, La. Const. 1974, provides as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department. (Emphasis added.)
The requirement for civil service for firefighters applies to a "regularly paid fire department", and in your second question you ask what constitutes a regularly paid fire department.
In Atty. Gen. Op. No. 93-728(A) this office observed there is no jurisprudential or statutory authority defining a "regularly paid fire department", and found an ambiguity exists since the term is susceptible to varying interpretations. Therefore, it was concluded the doctrine of contemporaneous construction was applicable which provides when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in determining the meaning of the legislative enactment.
You indicate that the administration for civil service for firemen and policemen has interpreted the provision relative to what constitutes a regular paid fire department to mean that any person in classified service who is compensated for his services constitutes a paid fire department, and this is the interpretation we must accept.
You recognize the answer to your first question would hinge upon whether or not the Iberia Parish Fire Protection District No. 1 operates a regularly paid fire department. Based upon an interpretation that any paid full-time firefighters constitutes a regularly paid fire department, it follows by the use of the word "shall" in Art. X, Sec. 16. La. Const., that it is mandatory there be the establishment of a fire and police civil service system by the employment of these four full-time firefighters.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
OPINION NUMBER 99-41 Mr. James E. Durbin Attorney General of Louisiana — Opinion. June 22, 1999.
R.S. 33:2541 (A) (1-9)
Part-time firefighter must be placed in firefighter civil service system if he holds a position which has as a primary duty or responsibility one of those duties statutorily provided by R.S.33:2541A(1-9).
Mr. James E. Durbin Livingston Parish Fire District 112 Hummell Avenue P.O. Box 608 Denham Springs, LA 70727-0608
Dear Mr. Durbin:
You have asked this office to determine whether a fireman employed on a part-time basis by the Board of Commissioners is legally required to be placed in the civil service system.
LSA-Const. Art. X, Section 16 (1974) provides for the establishment of a classified fire and police civil service system which is applicable "to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department."
You advise that the threshold requirement of LSA-Const. Art. X, Section 16 (1974) is met i.e., that the Fire Protection District No. 4 of Livingston Parish does operate a "regularly paid fire department" and that a civil service system has been established in which is enrolled five full-time dispatchers and one full-time secretary. You ask whether part-time firemen who are proposed to be hired by the governing board of the district should be considered as classified civil service employees.
Our answer is in the affirmative, if the position is allocated as a primary responsibility or duty one of those duties described in R.S. 33:2541(A) (1-9), providing:
 2541. Classified and unclassified service
 A. The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the government of the municipality, parish or fire protection district as the case may be, under which the fire or police service functions, or in an officer or employee thereof, and which has as its primary duty and responsibility one of the following:
 (Fire)
 1. The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon and company officers of the fire and police department.
 2. Fire fighting and police.
 3. Fire prevention; inspection.
 4. Driving, tillering and operation of fire apparatus.
 5. Operation and maintenance of radio, fire alarm or signal system.
 6. Fire and policy department instructors in employee training.
 7. Fire salvage and overhauling services, and first aid.
 8. Automotive or fire and police apparatus repairs, if such service is operated exclusively by and for the fire and police department.
 9. Secretary to the chief and departmental records clerk.
In accord is Attorney General Opinion 98-267, a copy of which is attached for your review.
We assume from your correspondence that Heintz vs. City ofGretna, 683 So.2d 926 (La.App. 5th Cir. 1996), writ den.683 So.2d 926 (La. 1997) is inapplicable to your inquiry.[1] We also forward to you Attorney General Opinions 95-37, 94-441 and 93-728(A), along with Opinion 98-267, for your further review.
Should you have any further questions, please contact this office.
Very truly yours,
BY: _________________
 RICHARD P. IEYOUB ATTORNEY GENERAL
R.S. 33:2541(A)(1-9)
Part-time firefighter must be placed in firefighter civil service system if he holds a position which has as a primary duty or responsibility one of those duties statutorily provided by R.S. 33:2541A(1-9).
 Mr. James E. Durbin Livingston Parish Fire District 112 Hummell Avenue P.O. Box 608 Denham Springs, LA 70727-0608
 Date Received: Date Released:
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 95-37 Thomas O. Wells, Esq. Attorney General of Louisiana — Opinion. February 9, 1995.
A fire Protection having three full-time paid firefighters must be placed in Civil Service.
R.S. 33:2543
Art. X, Sec. 16, La. Const.
47-A-1 Fire Protection District
Thomas O. Wells, Esq. Assistant District Attorney Ninth Judicial District P.O. Drawer 1472 Alexandria, LA 71309
Dear Mr. Wells:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Rapides Parish Police Jury in regard to firefighters in the Rapides Parish Fire Protection District #3. You indicate there are three full-time firefighters in the Protection District and the Rapides Parish Police Jury asks if this constitutes a "regularly paid fire department" as used in Art. X, Sec. 16 of the Constitution so as to require that the firefighters be classified civil service employees.
As you recognize this office has previously rendered Attorney General Opinions relative to this subject for you state you have advised the Police Jury of Atty. Gen. Op. Nos. 94-122, 93-728 and 93-728(A). This office in the more recent opinion Atty. Gen. Op. No. 94-441 reaffirmed Atty. Gen. Op. No. 93-728 and 782(A) which had concluded by the use of the word "shall" in Art. X, Sec. 16 of the Constitution of 1974, a fire and police civil service system is mandatory for a "fire protection district operating a regularly paid fire department", and followed the interpretation of the State Examiner that where there is only one or two full-time firefighters there is a requirement for civil service. This was in accord with the conclusions of this office in Atty. Gen. Op. No. 93-354 that "a fire protection district operating a regularly paid fire department is required to created a classified fire and police civil service system."
In Atty. Gen. Op. No. 94-441 the question was presented whether the Iberia Parish Council or the Fire Protection District No. 1 had the authority to establish a civil service system for the employees of the fire district. This office relied upon R.S.33:2543 which provides that "each board shall adopt a classification plan for the fire and police service under its jurisdiction" and found the Board of the Fire Protection District having a "regularly paid fire department" is to establish Civil Service for the full-time paid firefighters.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
OPINION NUMBER 94-441 Ms. Diane B. Phillips Attorney General of Louisiana — Opinion. October 3, 1994.
The Board of the Fire Protection District having a regularly paid fire department is to establish the Civil Service for the full-time firefighters.
R.S. 33:2543
Art. X, Sec. 16, La. Const.
47-A-1 — Fire Protection District
Ms. Diane B. Phillips Clerk of Council Iberia Parish Council Courthouse Bldg., Suite 410 300 Iberia Street New Iberia, LA 70560-4543
Dear Ms. Phillips:
This office is in receipt of your request for an opinion of the Attorney General in regard to establishment of a civil service system for the employees of Fire Protection District No. 1. You indicate the Iberia Parish Fire Protection District No. 1 Board is currently in the process of proceeding with the establishment of a civil service system and board for its employees, and the Iberia Parish Council has adopted a resolution in opposition to the creation of this system. Since there is a jurisdictional question, you ask whether the Iberia Parish Council or the Fire Protection District No. 1 has the authority to establish a civil service system for the employees of said fire district.
In Atty. Gen. Opinion No. 93-728(A) this office reconsidered Atty. Gen. Op. No. 93-728 and concluded by the use of the word "shall" in Art. X, Sec. 16 of the Constitution of 1974, a fire and police civil service system is mandatory for a "fire protection district operating a regularly paid fire department". It was further observed for the definition of a "regularly paid fire department" the conclusion of 93-728 was recalled which did not find paying one full-time fire fighter to augment and coordinate volunteers constituted operating "a regularly paid fire department". Instead, under the doctrine of contemporaneous construction, this office deferred to the interpretation of the State Examiner as to the requirement for civil service for a regularly paid fire department to include where there is only one or two full time employees. Atty. Gen. Op. No. 93-354 was affirmed that held "a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system."
Subsequently, this office rendered Atty. Gen. Op. No. 94-122 in regard to the Iberia Parish Fire Protection District No. 1 and again stated the requirement for civil service for firefighters applies to a "regularly paid fire department", and concluded as follows:
 Based upon an interpretation that any paid full-time firefighters constitutes a regularly paid fire department, it follows by the use of the word "shall" in Art. X, Sec. 16 La. Const., that it is mandatory there be the establishment of a fire and police civil service system by the employment of these four full-time firefighters.
R.S. 33:2543 provides that "each board shall adopt a classification plan for the fire and police service under itsjurisdiction." In accordance with the Sec. 21-2 of the Iberia Parish Code, the Fire Protection District No. 1 of Parish of Iberia was created and it "shall have all rights, powers and privileges granted by and conferred by the constitution and statutes of the State of Louisiana", and under Sec. 21-5 the Board of Commissioners is given the power to perform any function necessary for the management of its affairs with the control and management vested in a board of five members.
We must conclude the Board of a Fire Protection District having a "regularly paid fire department" is to establish Civil Service for the full-time paid firefighters.
We hope this sufficiently answers your questions, but if we can be if further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
OPINION NUMBER 93-728(A) Mr. Paul K. Daly Attorney General of Louisiana — Opinion. March 8, 1994.
47-A-1 FIRE PROTECTION DISTRICTS
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
LSA-Const. Art. X, sec 16
Reconsidering opinion 23-728, we conclude that fire civil service is applicable to a paid firefighter in a volunteer fire department.
Mr. Paul K. Daly State Examiner P.O. Box 44366 Baton Rouge, LA 70804-4366
Dear Mr. Daly:
As State Examiner of the Municipal Fire and Police Civil Service, you have asked this office to reconsider the conclusions of released opinions 93-728 and 93-354.
 ISSUE I
In released opinion 93-728, the author addressed what constitutes a "regularly paid fire department" for purposes of application of a system of classified fire civil service. LSA-Const. Art. X, Section 16 (1974) requires that such a system be created for all municipalities, parishes, and fire protection districts operating a "regularly paid fire department".
There is no jurisprudential or statutory authority defining a "regularly paid fire department". In 93-728, the author concluded that a volunteer fire organization with one paid employee is not sufficient for the establishment of fire civil service.
We reconsider our conclusion in opinion 93-728, having reexamined the holding in the case of Village of Varnado v.Varnado Fire Dept., 563 So.2d 946 (La.App. 1990). In Varnado,supra, the court did not address the issue of whether one regularly paid employee was sufficient to constitute a regularly paid fire department for purposes of eligibility to receive tax proceeds. Rather, the court concluded that there was no regularly paid fire department because there were no regularly paidemployees during the time period in question. The case does not stand for the proposition that one regularly paid employee is insufficient to establish a regularly paid fire department for purposes of receipt of tax proceeds, nor for purposes of application of fire civil service.
Following this statement of the court, we do not find paying one full-time fire fighter to augment and coordinate the volunteer group constitutes operating "a regularly paid fire department". We believe the word "department" has to mean the operation as a whole, and two paid employees with fifty-two volunteers is not a regularly paid fire department.
We recognize that R.S. 33:2535 provides for the creation in the government of a municipality, parish, and in each fire protection district a classified civil service embracing the positions of employment of the fire services. R.S. 33:2541 states the classified service shall comprise every position to which the right of employee selection is vested in the government of the fire protection district, and R.S. 33:2533 defines "department service" as employment in the public service offered and performed by the fire department.
Reading the statutory provisions alone it would appear employment in any fire district would fall into civil service. However, we believe these statutory provisions have to be read in the light of the constitutional mandate for civil service for regularly paid fire departments. Herein we are dealing with employment by the Board of the South Bossier Volunteer Fire Department (Fire District 2), and not a regularly paid fire service. The constitutional provision is relative to civil service for regularly paid fire departments, and the wording of the constitution cannot be ignored. Therefore, we would conclude employment by the government of the fire protection district means, employment in regularly paid fire departments. To conclude to the contrary would mean a civil service system would have to be implemented for only one paid employee.
We find nothing that defines what a "regularly paid fire department" is, and recognize a question can arise as to how many paid employees would be required to remove a group from the category of a volunteer department to that of a regularly paid department so as to fall within the requirements of civil service. We do note in R.S. 40:1567 in regard to fees for fire reports, it provides the term volunteer fire department means a legally constituted fire department or fire protection district of fewer than four persons who are qualified for and receive state supplemental pay under R.S. 33:2001, et seq.
We do not believe it was the intent of the legislature in establishment of fire civil service as directed by the constitution that it extend to a volunteer fire organization with one paid employee.
OPINION NUMBER 98-267 Mr. Kevin Conner Attorney General of Louisiana — Opinion. August 3, 1998.
84 — Parishes
LSA-R.S. 33:2531
LSA-R.S. 33:2533
LSA-R.S. 33:2535
LSA-R.S. 33:2536
LSA-R.S. 33:2541
LSA-R.S. 33:2451A(1-9)
A single full-time firefighter requires Plaquemine Parish to establish a separate firefighter civil service system.
Mr. Kevin Conner Council Attorney Plaquemines Parish Government P.O. Box 538 Belle Chasse, LA 70037.
Dear Mr. Conner:
This office is in receipt of your recent opinion request in regard to firefighters and civil service. Specifically, you ask the following three questions:
 1. Does a single full-time firefighter have to be placed in the Civil Service System?
 2. Does a part-time paid firefighter have to be placed in the Civil Service System?
 3. Assuming that either question one or two is answered in the affirmative, can the Plaquemines Parish Government utilize its own Civil Service System and place the firefighter in a separate category underneath that system, or must an entirely new civil service system dedicated to firemen be established?
As you recognize, this office has previously rendered opinions regarding this matter. Most recently, Atty. Gen. Op. No. 95-37, which cited Atty. Gen. Op. Nos. 94-441, 93-728, and 93-728(A), concluded that a "regularly paid fire department" must be placed in the civil service system as required by Art. X, Sec. 16 of the Louisiana Constitution of 1974. These previous opinions, following the interpretation of the State Examiner, say that one full-time firefighter meets the requirement of a "regularly paid fire department" and therefore requires a civil service system.
In reviewing LSA-R.S. 33:2533, which defines terms used when referring to the fire and police civil service law, we find that there is no definition for part-time paid firefighters. LSA-R.S.33:2531 mandates that any permanent appointment for a paid firefighter shall occur only after certification pursuant to the general system. This statute does not make a distinction between full-time and part-time firefighters. It simply refers to any permanent appointment. Therefore, it is our opinion that under this statute, a part-time paid firefighter should be placed in a civil service system as long as his appointment is permanent and he meets the test set out in LSA-R.S. 33:2541. This statute must be considered when determining whether an employee is classified or unclassified. In order to be classified, the employee must have as a primary duty one of the duties listed in LSA-R.S. 33:2541A(1-9). Therefore, if a part-time firefighter does not have one of the listed duties as his or her primary duty, then he or she should be unclassified.
In regard to your third question, LSA-R.S. 33:2535 and 33:2536
mandate the creation of "The Fire and Police Civil Service" and the fire and police civil service board, respectively. LSA-R.S.33:2535 creates a classified civil service system in each parish government. LSA-R.S. 33:2536 sets out the requirements for creating a fire and police service board. It is our opinion that Plaquemines Parish must create a civil service system for firefighters separate and apart from the government civil service system if it is operating a regularly paid fire department. This is consistent with Atty. Gen. Op. Nos. 93-728(A) and 93-354.
In conclusion, it is the opinion of this office that (1) a single full-time firefighter must be placed in the civil service system; (2) a part-time paid firefighter should not be placed in a civil service system if he or she does not meet the "primary duty" test; and (3) Plaquemines Parish must create a separate civil service system for firefighters as long as it is operating a regularly paid fire department.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT B. BARBOR Assistant Attorney General
OPINION NUMBER 01-379 Mr. Richard W. Watts Attorney General of Louisiana — Opinion. January 3, 2002.
47-A-3 FIRE PROTECTION DISTRICT
R.S. 33:1995; R.S. 33:1996; R.S. 33:1999; R.S. 33:2431 et seq., R.S. 33:1991; R.S. 33:1991
A fire protecton having five full-time paid firefighters must be placed in civil service.
Mr. Richard W. Watts Attorney at Law 914 Pearl Street Franklinton, Louisiana 70438
Dear Mr. Watts:
You advise this office that the Washington Parish Fire Protection District #7 (hereafter District 7) has hired five full time paid firemen. Arising out of this occurrence are the following two questions:
 1. Is a rural fire protection district with five full time paid firemen required to establish a civil service system for its employees pursuant to R.S. 33:2531, et seq.?
 2. Do the terms and conditions of employment mandated by R.S. 33:1991, et seq. apply to a rural fire protection district which employs five paid fireman?
We answer your first question in the affirmative. Article X Sec16 of the Louisiana Constitution (1974) provides for the establishment of a classified fire and police civil service system which is applicable "to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes andfire protection districts operating a regularly paid firedepartment." (Emphasis added).
The constitution mandates that a system of classified fire civil service be created for fire protection districts operating a "regularly paid fire department". This office has determined that one full time employee constitutes a regularly paid fire department. See attached Attorney General Opinions 93-728(A); 95-37; and 98-267.
Further, R.S. 33:2531, et seq., which provides the fire civil service law for fire protection districts, contains no size requirement for the creation of a classified civil service system in a fire protection district. The only requirement is that the fire protection district operate a regularly paid fire department, as District #7 does, by virtue of its employ of five full time firemen. See Attorney General Opinion 93-354, copy attached.
Our response to our second question is also in the affirmative. LSA-R.S. 33:1991 states in pertinent part:
 A. The word "firemen," as used in this Sub-part includes all persons employed or engaged full time by municipalities or municipal fire departments or by parishes or parish fire departments or fire protection districts for fire fighting or fire prevention duties and services, including operators of the fire-alarm system when such operators are members of the regularly constituted fire department. The word "firemen" does not include carpenters, storekeepers, machinists, clerks, building hazard and similar inspectors, physicians or other non-fire fighting employees detailed for such special duties, nor does the word "firemen," include employees of privately owned or operated fire fighting or fire prevention services. (Emphasis added).
Thus, the statutory provisions for minimum wages are applicable to "fire protection district paid firemen"; (see R.S. 33:1992); note also that those provisions pertaining to sick leave and annual vacation are applicable to firemen employed by a fire protection district (see R.S. 33:1995 and R.S. 33:1996), and that R.S. 33:1999 is applicable as it pertains to work on holidays.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 93-728(A) Mr. Paul K. Daly Attorney General of Louisiana — Opinion. March 8, 1994.
47-A-1 FIRE PROTECTION DISTRICTS
71-1-1 MUNICIPAL FIRE POLICE CIVIL SERVICE
LSA-Const. Art. X, Sec 16
Reconsidering opinion 23-728, we conclude that fire civil service is applicable to a paid firefighter in a volunteer fire departmnt.
Mr. Paul K. Daly State Examiner P.O. Box 44366 Baton Rouge, LA 70804-4366
Dear Mr. Daly:
As State Examiner of the Municipal Fire and Police Civil Service, you have asked this office to reconsider the conclusions of released opinions 93-728 and 93-354.
 ISSUE I
In released opinion 93-728, the author addressed what constitutes a "regularly paid fire department" for purposes of application of a system of classified fire civil service. LSA-Const. Art. X, Section 16 (1974) requires that such a system be created for all municipalities, parishes, and fire protection districts operating a "regularly paid fire department".
There is no jurisprudential or statutory authority defining a "regularly paid fire department". In 93-728, the author concluded that a volunteer fire organization with one paid employee is not sufficient for the establishment of fire civil service.
We reconsider our conclusion in opinion 93-728, having reexamined the holding in the case of Village of Varnado v.Varnado Fire Dept., 563 So.2d 946 (La.App. 1990). In Varnado,supra, the court did not address the issue of whether one regularly paid employee was sufficient to constitute a regularly paid fire department for purposes of eligibility to receive tax proceeds. Rather, the court concluded that there was no regularly paid fire department because there were no regularly paidemployees during the time period in question. The case does not stand for the proposition that one regularly paid employee is insufficient to establish a regularly paid fire department for purposes of receipt of tax proceeds, nor for purposes of application of fire civil service.
The doctrine of contemporaneous construction provides that when an administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is entitled to great weight in the determination of the meaning of the legislative enactment. Swetman v. Teachers' RetirementSystem, 578 So.2d 149 (La.App. 1st Cir. 1991). However, when no ambiguity exists in the statute or the construction of the administrative body is clearly erroneous, this doctrine is inapplicable. Swetman, and citations therein.
This office is of the opinion that ambiguity is present because the definition of a "regularly paid fire department" is susceptible to varying interpretations. Further, the doctrine of contemporaneous construction is applicable as you advise your agency has for many years established "several boards which initially had only one or two full time employees". We therefore recall our conclusion in opinion 93-728, and defer to the interpretation of your agency concerning what may constitute a "regularly paid fire department", absent a juriprudential or statutory definition.
 ISSUE II
Regarding released opinion 93-354, this office affirms the conclusions stated therein. The author correctly concluded that a fire protection district operating a regularly paid fire department is required to create a classified fire and police civil service system.
Use of the word "shall" in LSA-Const. Art. X, Section 16 (1974), cited above is mandatory concerning the establishment of a fire and police civil service system to a "fire protection district operating a regularly paid fire department". Further, opinion 93-354 as written is consistent with our reconsideration of 93-728, stated herein.
Please contact this office should you need further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
OPINION NUMBER 93-354 Mr. W.H. Applegate Attorney General of Louisiana — Opinion. June 17, 1993.
Mr. W.H. Applegate Secretary-Treasurer Board of Commissioners, Fire Protection District No. 8 111 W. Alabama Street Vivian, LA 71082
Dear Mr. Applegate:
We are in receipt of your request for an Attorney General's Opinion regarding the Caddo Parish Fire Protection District No. 8. In your letter you state that the district can only afford to hire two employees, a fire chief and a dispatch firefighter. You also state that the Caddo Parish Fire Protection District No. 8 has a population of less than nine thousand (9,000). Specifically, you have asked whether the Caddo Parish Fire Protection District No. 8 is required to form a Fire and Police Civil Service system, as provided by Article X of the Louisiana Constitution of 1974?
LSA-Const. Art. X, Section 16 provides for the establishment of a classified fire and police civil service system which is applicable "to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fireprotection districts operating a regularly paid firedepartment." (Emphasis added.) LSA-R.S. 33:2531 et seq. provides for the fire and police civil service law for small municipalities and for parishes and fire protection districts. LSA-R.S. 33:2531 specifically states, in pertinent part:
 § 2531. Mandatory civil service in certain municipalities, parishes, and districts
 Permanent appointments and promotions for paid firemen and policemen in the classified civil service as enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand, . . . and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under certification. (Emphasis added.)
Section 2535 provides for a classified civil service system to be created in each municipal government, parish government, and
in the government of each fire protection district. Likewise, a fire and police civil service board is created for each governing body in Section 2536 of Title 33 of the Louisiana Revised Statutes. The Louisiana Supreme Court in West v. Allen,382 So.2d 924 (La. 1980), found that the Constitution (Art. 10, §§ 16-20) clearly establishes a system of classified fire and police civil service in all towns of a certain size and in all parishes and fire protection districts operating a regularly paid fire department. There is no size requirement for the creation of a classified civil service system in a parish and fire protection district, therefore, it is irrelevant that the Caddo Parish Fire Protection District No. 8 has a population of less than nine thousand. The only requirement by law is that the parish and fire protection districts operate a regularly paid fire department. Therefore, it is our opinion that the Caddo Parish Fire Protection District No. 8 is required to create a classified fire and police civil service system. By this opinion, we hereby repeal Atty. Gen. Opinion No. 86-27, which is in conflict with this opinion.
If we can be of further assistance in this matter, please advise.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
OPINION NUMBER 95-37 Thomas O. Wells, Esq. Attorney General of Louisiana — Opinion. February 9, 2005.
A fire Protection having three full-time paid firefighters must be placed in Civil Service.
R.S. 33:2543
Art. X, Sec. 16, La. Const.
47-A-1 Fire Protection Distr.
 Thomas O. Wells, Esq. Assistant District Attorney Ninth Judicial District P.O. Drawer 1472 Alexandria, LA 71309
Dear Mr. Wells:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Rapides Parish Police Jury in regard to firefighters in the Rapides Parish Fire Protection District #3. You indicate there are three full-time firefigthers in the Protection District and the Rapides Parish Police Jury asks if this constitutes a "regularly paid fire department" as used in Art. X, Sec. 16 of the Constitution so as to require that the firefighters be classified civil service employees.
As you recognize this office has previously rendered Attorney General opinions relative to this subject for you state you have advised the Police Jury of Atty. Gen. Op. Nos. 94-122, 93-728 and 93-728(A). This office in the more recent opinion Atty. Gen. Op. No. 94-441 reaffirmed Atty. Gen. Op. No. 93-728 and 782(A) which had concluded by the use of the word "shall" in Art. X, Sec. 16 of the Constitution of 1974, a fire and police civil service system is mandatory for a "fire protection district operating a regularly paid fire department", and followed the interpretation of the State Examiner that where there is only one or two full-time firefighters there is a requirement for civil service. This was in accord with the conclusions of this office in Atty. Gen. Op. No. 93-354 that "a fire protection district operating a regularly paid fire department is required to created a classified fire and police civil service system."
In Atty. Gen. Op. No. 94-441 the question was presented whether the Iberia Parish Council or the Fire Protection District No. 1 had the authority to establish a civil service system for the employees of the fire district. This office relied upon R.S.33:2543 which provides that "each board shall adopt a classification plan for the fire and police service under its jurisdiction" and found the Board of the Fire Protection District having a "regularly paid fire department" is to establish Civil Service for the full-time paid firefighters.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
OPINION NUMBER 98-267 Mr. Kevin Conner Attorney General of Louisiana — Opinion. August 03, 1998.
84 — Parishes
LSA-R.S. 33:2531
LSA-R.S. 33:2533
LSA-R.S. 33:2535
LSA-R.S. 33:2536
LSA-R.S. 33:2541
LSA-R.S. 33:2451A(1-9)
A single full-time firefighter requires Plaquemine Parish to establish a separate firefighter civil service system.
Mr. Kevin Conner Council Attorney Plaquemines Parish Government P.O. Box 538 Belle Chasse, LA 70037
Dear Mr. Conner:
This office is in receipt of your recent opinion request in regard to firefighters and civil service. Specifically, you ask the following three questions:
 1. Does a single full-time firefighter have to be placed in the Civil Service System?
 2. Does a part-time paid firefighter have to be placed in the Civil Service System?
 3. Assuming that either question one or two is answered in the affirmative, can the Plaquemines Parish Government utilize its own Civil Service System and place the firefighter in a separate category underneath that system, or must an entirely new civil service system dedicated to firemen be established?
As you recognize, this office has previously rendered opinions regarding this matter. Most recently, Atty. Gen. Op. No. 95-37, which cited Atty. Gen. Op. Nos. 94-441, 93-728, and 93-728(A), concluded that a "regularly paid fire department" must be placed in the civil service system as required by Art. X, Sec. 16 of the Louisiana Constitution of 1974. These previous opinions, following the interpretation of the State Examiner, say that one full-time firefighter meets the requirement of a "regularly paid fire department" and therefore requires a civil service system.
In reviewing LSA-R.S. 33:2533, which defines terms used when referring to the fire and police civil service law, we find that there is no definition for part-time paid firefighters. LSA-R.S.33:2531 mandates that any permanent appointment for a paid firefighter shall occur only after certification pursuant to the general system. This statute does not make a distinction between full-time and part-time firefighters. It simply refers to any permanent appointment. Therefore, it is our opinion that under this statute, a part-time paid firefighter should be placed in a civil service system as long as his appointment is permanent and he meets the test set out in LSA-R.S. 33:2541. This statute must be considered when determining whether an employee is classified or unclassified. In order to be classified, the employee must have as a primary duty one of the duties listed in LSA-R.S. 33:2541A(1-9). Therefore, if a part-time firefighter does not have one of the listed duties as his or her primary duty, then he or she should be unclassified.
In regard to your third question, LSA-R.S. 33:2535 and 33:2536
mandate the creation of "The Fire and Police Civil Service" and the fire and police civil service board, respectively. LSA-R.S.33:2535 creates a classified civil service system in each parish government. LSA-R.S. 33:2536 sets out the requirements for creating a fire and police service board. It is our opinion that Plaquemines Parish must create a civil service system for firefighters separate and apart from the government civil service system if it is operating a regularly paid fire department. This is consistent with Atty. Gen. Op. Nos. 93-728(A) and 93-354.
In conclusion, it is the opinion of this office that (1) a single full-time firefighter must be placed in the civil service system; (2) a part-time paid firefighter should not be placed in a civil service system if he or she does not meet the "primary duty" test; and (3) Plaquemines Parish must create a separate civil service system for firefighters as long as it is operating a regularly paid fire department.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
[1] R.S. 33:2531 states:
 § 2531. Mandatory civil service in certain municipalities, parishes and districts Permanent appointments and promotions for paid firemen and policemen in the classified civil service and enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand, according to the last preceding decennial census of the United States for which the final report of population returns have been printed, published and distributed by the director of the census or according to a special census authorized by R.S. 1:11.1 subject to the approval of the local governing authority and verified by the state treasure if said special census is later, and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under such certification.
[1] Of concern in Heintz was the predicate issue of whether the municipality operated a "regularly paid fire department", which we understand is not at issue in the current matter.